UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

GARY W. LEFKOWITZ,

Petitioner,

v.

ROB MUNDT, Warden

Respondent.

Civil No. 00-1940(RHK/JMM)

REPORT AND RECOMMENDATION

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is a federal prisoner who is currently confined at the Federal Correctional Institution, Waseca, Minnesota, ("FCI-Waseca"). He is serving a 293-month prison sentence, which was imposed following his conviction on numerous federal fraud

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

FILED SEP 06 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD____________
DEPUTY CLERK____________

charges. He was prosecuted, convicted and sentenced in this District in a case presided over by District Court Judge David S. Doty. (U.S. v. Lefkowitz, Crim. No. 4-94-65.) On direct appeal, Petitioner's criminal case was initially remanded for further proceedings, (U.S. v. Lefkowitz, 125 F.3d 608 (8th Cir. 1997), cert. denied, 118 S.Ct. 1527 (1998)), but most of his convictions, as well as his 293-month sentence, were ultimately upheld by the Eighth Circuit Court of Appeals. U.S. v. Lefkowitz, Nos. 97-4248, 97-4249 (8th Cir. 1999), 1999 WL 597232 (unpublished opinion).

On August 17, 2000, Petitioner filed a motion in his criminal case, seeking relief from his convictions and sentence under 28 U.S.C. § 2255. That motion is currently pending before Judge Doty. Petitioner has filed other motions in his criminal case as well, asking that his custodians at FCI-Waseca be ordered to provide him with access to certain legal documents that he allegedly needs to support his § 2255 claims. By order dated August 28, 2000, Judge Doty denied Petitioner's various motions seeking greater access to his "legal papers."

Petitioner commenced the present action on August 15, 2000, by filing the petition for habeas corpus relief under § 2241 that is now before this Court. (Docket No. 1.) In the "grounds for relief" section of his petition, (pp. 4-5, ¶ 9), he alleges that (1) prison officials have denied him access to 150 boxes of legal materials that he purportedly needs to support his § 2255 motion, and (2) prison officials have ordered him to discard 35 boxes of legal documents that he has had with him in prison. The only relief that Petitioner appears to be seeking in this action is an order that would allow him to have access to the various legal documents described in his petition.

## II. DISCUSSION

Although Petitioner has attempted to bring this action under a federal habeas corpus statute, (28 U.S.C. § 2241), it is readily apparent that the relief he is actually seeking is not available in a habeas proceeding. Habeas corpus is a remedy that is available when a prisoner is directly challenging the fact or duration of his confinement. Heck v. Humphrey, 512 U.S. 477, 481 (1994); Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973); Otey v. Hopkins, 5 F.3d 1125, 1130-31 (8th Cir. 1993), cert. denied, 512 U.S. 1246 (1994). In this case, Petitioner is not challenging the propriety of his conviction or sentence, nor is he challenging the duration of his incarceration. The relief that Petitioner is requesting -- an order directing prison officials to grant him access to certain documents -- would not directly expedite his release from custody. Petitioner is actually challenging the conditions of his confinement, i.e., the alleged denial of access to legal documents, rather than the fact or duration of his confinement. Therefore, habeas corpus is not a proper or available remedy for his present claims. Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) (when a prisoner "seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his... custody, the district court lacks the power or subject matter jurisdiction to issue a writ").

Furthermore, the relief that Petitioner is seeking here is indistinguishable from the relief he has requested in a motion filed in connection with his pending § 2255 proceeding in Case No. 4-94-65. Judge Doty has already addressed Petitioner's request for greater access to his legal documents, and he denied that request by his order of August 28, 2000. If Petitioner disagrees with that ruling, his recourse is to file an appeal

(at the appropriate time) in the Eighth Circuit Court of Appeals. He is not entitled to have Judge Doty's order reviewed by another district court judge.

In sum, the Court concludes that Petitioner's request for a writ of habeas corpus is not legally viable for two reasons. First, habeas corpus is not an available remedy for the relief that Petitioner is seeking, because he is attacking only the conditions of his confinement, not the fact or duration of his confinement. Second, Judge Doty has already denied Petitioner's request for the relief that he is seeking, and it would not be appropriate to reconsider that ruling here. It will therefore be recommended that this action be summarily dismissed.

Finally, the Court notes that Petitioner's habeas corpus petition is accompanied by three collateral requests for relief – (1) an application for leave to proceed in forma pauperis, (IFP); (2) an "Application For Temporary Restraining Order and Preliminary Injunction;" and (3) a "Motion For Intradistrict Transfer From Judge Kyle to Judge Doty." (Docket Nos. 2, 3, and 4.) Based on the Court's determination that the underlying habeas corpus petition cannot be entertained and should be summarily dismissed, it is further recommended that all of Petitioner's collateral motions be summarily denied.

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

(1) Petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2241, (Docket No. 1), be DENIED;

(2) Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED;

(3) Petitioner's "Application For Temporary Restraining Order and Preliminary Injunction," (Docket No. 3), be DENIED;

(4) Petitioner's "Motion For Intradistrict Transfer From Judge Kyle to Judge Doty," (Docket No. 4), be DENIED; and

(5) this action be summarily DISMISSED.

Dated: September 5, 2000

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before September 20, 2000, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.